IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NICOLE TURNER, *et al.*
    *Plaintiffs*,

v().

ADUSA TRANSPORTATION,
LLC, *et al.*
    *Defendants*

Civil Action No. ELH-20-792

**MEMORANDUM**

On February 17, 2020, plaintiffs Yvonne Turner and Nicole Turner, individually and as parent/guardian and next friend of M.T., filed a personal injury suit in the Circuit Court for Queen Anne's County against defendants Food Lion, LLC ("Food Lion") and Timothy Yohn. ECF 1-4 at 4-8 (the "Complaint"). The Complaint, which is rooted in a motor vehicle accident that occurred in August 2019, contained four counts, all arising under Maryland law: Negligence, against Mr. Yohn (Count I); "Vicarious Liability," against Food Lion (Count II); "Negligent Entrustment," against Food Lion (Count III); and "Negligent Hiring and Retention," against Food Lion (Count IV).

Food Lion and Mr. Yohn removed the suit to federal court on March 26, 2020, on the basis of diversity of citizenship jurisdiction. ECF 1; *see* 28 U.S.C. § 1332. Food Lion, through counsel, claims to have informed counsel for plaintiffs that ADUSA Transportation, LLC ("ADUSA") is the owner of the vehicle operated by Mr. Yohn and that ADUSA, not Food Lion, is the proper defendant. See ECF 31-1 at 1. And, by letter of April 7, 2019, defense counsel informed plaintiffs that ADUSA admits that, at the time of the accident, Mr. Yohn was acting within the course and scope of his employment with ADUSA. ECF 20-2. According to Food Lion, "when an employer

accepts the agency of its employees for potential negligence . . . Maryland law is clear that the derivative counts . . . are superfluous and unnecessary . . . ." *Id.* at 1. Therefore, counsel maintained that under "existing law," Counts III and IV "should be dismissed" from the suit. *Id.* at 2.

Plaintiffs filed an amended complaint (ECF 17, "FAC") on June 4, 2020. They substituted ADUSA for Food Lion. However, they did not abandon any counts.

On June 18, 2020, ADUSA and Mr. Yohn filed an Answer and Counterclaim, asserting a claim for "Indemnification and Contribution" against Nicole Turner. ECF 19. On the same date, defendants moved to dismiss the FAC for failure to state a claim under Fed. R. Civ. P. 12(b)(6). ECF 20. In the alternative, they sought pre-discovery summary judgment under Fed. R. Civ. P. 56. *Id.* The motion is supported by a memorandum of law (ECF 20-1) (collectively, the "Motion to Dismiss") and two exhibits. ECF 20-2 and ECF 20-3. In the Motion to Dismiss, defendants urged the Court to dismiss Counts II through IV as duplicative of plaintiffs' negligence claim. ECF 20-1 at 4-8.

In addition, on June 18, 2020, defendants moved for sanctions under Fed. R. Civ. P. 11, on the ground that plaintiffs have insisted on pursuing superfluous claims after defendants requested a voluntary dismissal of these claims. ECF 21. The motion is supported by a memorandum of law (ECF 21-1) (collectively, the "Motion for Sanctions") and one exhibit. ECF 21-2.

On July 8, 2020, plaintiffs again amended their complaint, without leave of Court. ECF 22 (" Second Amended Complaint"). The Second Amended Complaint ("SAC") lodges a single claim of negligence against both Mr. Yohn and ADUSA. *Id.* ¶¶ 9-18. The next day, plaintiffs responded to the Motion to Dismiss (ECF 29) and the Motion for Sanctions. ECF 30.

Thereafter, on July 22, 2020, defendants moved to strike the SAC under Fed. R. Civ. P. 12(f) and Fed. R. Civ. P. 15 (ECF 31), supported by a memorandum. ECF 31-1 ("Motion to

Strike"). Defendants assert that the SAC should be stricken because plaintiffs did not seek their consent or leave of Court to amend the complaint, as required by Fed. R. Civ. P. 15(b). Also on July 22, 2020, defendants filed a reply to the Motion to Dismiss. ECF 32. And, in a scorched-earth approach, they moved for entry of default (ECF 33), because plaintiffs did not answer the counterclaim contained within the Answer. ECF 33; *see also* ECF 19. I denied ECF 33 by Order of July 24, 2020. *See* ECF 34. I note that the Answer (ECF 19) contains affirmative defenses that are arguably specious, such as claims of laches, res judicata, collateral estoppel, and limitations.

The various motions are fully briefed. No hearing is necessary to resolve them. Local Rule 105.2. For the reasons that follow, I shall deny the Motion to Strike, the Motion to Dismiss, and the Motion for Sanctions.

Defendants are correct that, pursuant to Fed. R. Civ. P. 15(b), plaintiffs were required to obtain defendants' consent or leave of Court before filing the SAC. However, it is obvious that plaintiffs filed the SAC in response to the demands of defendants. In any event, to the extent that plaintiffs disregarded Rule 15, their conduct does not warrant the "drastic remedy" of Rule 12(f). *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotation marks and citations omitted).

Given the harsh consequences of a motion to strike, courts ordinarily require some showing that the moving party will suffer prejudice if the offensive portion of the pleading is not stricken. *See Haley Paint Co. v. E.I. Du Pont De Nemours & Co.*, 279 F.R.D. 331, 337 (D. Md. 2011) (denying motion to strike affirmative defenses because "Plaintiffs have articulated no prejudice that would result from a denial of their motion"); *see also Miller v. LiveNation Worldwide, Inc.*, TDC-14-2697, 2015 WL 235553, at *3 (D. Md. July 15, 2015) 5C C. WRIGHT ET. AL., FEDERAL PRACTICE AND PROCEDURE § 1381 n.34 (3d ed. 2020) (collecting cases). Here, defendants fail to

explain how they are prejudiced, given that the SAC provided the relief requested by defendants: plaintiffs omitted the purportedly offensive counts.

Accordingly, in the interest of efficiency and judicial administration, I shall permit plaintiffs to file the Second Amended Complaint. And, I shall deny the Motion to Strike.

The SAC supersedes the First Amended Complaint, and the Motion to Dismiss was directed at the FAC. Therefore, I shall deny the Motion to Dismiss as moot, without prejudice to the right of defendants to renew their arguments as to the SAC, to the extent permissible by the Federal Rules of Civil Procedure.

With respect to the Motion for Sanctions, I see no basis to impose monetary sanctions on plaintiffs under Rule 11. Therefore, I shall deny the Motion for Sanctions.

An Order follows, consistent with this Memorandum.

Date:   July 31, 2020                                             /s/
                                                      Ellen Lipton Hollander
                                                      United States District Judge